UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. ~~11-20478~~-CR-COOKE
14-20042

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

ROBERTO MENDEZ-HURTADO,

    Defendant.

FILED by _____ D.C.
MAY 30 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## PLEA AGREEMENT

The United States of America and Roberto Mendez Hurtado, (hereinafter referred to as the "defendant") enter into the following agreement:

1.   The defendant agrees to plead guilty as follows:

*Indictment in the Southern District of Florida*

The Defendant agrees to plead guilty to Count 1 of the above captioned Indictment which charges the Defendant with conspiring to distribute cocaine intending that the cocaine be unlawfully imported into the United States and conspiring to possess with the intent to distribute cocaine while on board an aircraft registered in the United States and with a United States citizen on board, all in violations of Title 21, United States Code, Section 963.

*Indictment in the District of Massachusetts*

In accordance with Fed. R. Crim. P. 20, defendant shall plead guilty at the earliest practical date, to Count One of indictment 10-10122-CR-RWZ in the District of Massachusetts, charging conspiracy to import five kilograms or more of cocaine, and to distribute and manufacture five or more kilograms of cocaine, knowing and intending

1

that such cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§952, 959, and 963.

<u>*Indictment in the District of Puerto Rico*</u>

In accordance with Fed. R. Crim P. 20, defendant shall plead guilty at the earliest practical date, to Counts Six and Seven of an indictment pending in the District of Puerto Rico in criminal case number 10-cr-115-ADC, charging the following offenses:

<u>Count Six</u>: charging conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §846;

<u>Count Seven</u>: charging conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §963.

2.      The United States agrees to seek dismissal of all the remaining counts pending and to recommend that the sentences in all three (3) cases be imposed concurrent with each other. Pursuant to Local Rule 3.8, once the above-captioned cases are assigned a Southern District of Florida case number, the United States will agree to file a motion to transfer all pending cases before this court and to request a delay until all cases are plead and consolidated for sentencing.

3.      The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under

certain circumstances, the court may depart from the advisory sentencing guideline range that is has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties on Count One of the Indictment in the above captioned case, Count One of the indictment in criminal case number 10-10122-RWZ in Massachusetts, and on Counts Six and Seven of the Indictment in criminal case number 10-cr-115-ADC in the District of Puerto Rico; incarceration for at least ten (10) years but not more than life; supervised release for at least five (5) years and up to life; a fine of up to $10 million; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under the previous paragraph of this agreement, a special assessment in the amount of $100.00 for each count of conviction will be imposed on the

defendant for a total amount of $400.00 when considering all three cases. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agree-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range determined by the Court. However, the United States will not be required to make this sentencing recommendation if the defendant:

a) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

b) is found to have misrepresented facts to the government prior to entering this plea agreement; or

c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of

4

9. The defendant is aware that the sentence has not yet been determined by the court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

release, or making false statements or misrepresentation to any governmental entity or official.

8.      The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed and that no other Chapter 2 specific offense characteristics of Chapter 3 enhancements or reductions apply:

Quantity of drugs: That the quantity of cocaine involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines is 150 kilograms or more of cocaine.

Role in the Offense: That the defendant should receive a four level increase pursuant to Rule 3B1.1 of the Sentencing Guidelines as an organizer or leader of the conspiracy charged in count 1 of the indictment.

Specific Offense Characteristics: That the defendant should receive a two-level increase for the unlawful importation of a controlled substance under circumstances in which an aircraft other than a regularly scheduled commercial air carrier was used to distribute the controlled substance, pursuant to Section 2D1.1(b)(3)(A) of the Sentencing Guidelines.

Offense Level

        i.   2D1.1(c)(1):                               38
- b. Specific Offense Characteristics:
    - i.   2D1.1(b)(3)(A)                        2
    - ii.  3B1.1                                 4
    - iii. Total Offense Level:                 44
- c. Acceptance of Responsibility              -3
- d. Adjusted Offense Level                    41

5

11.     This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motion, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence. The government recognizes that defendant has already provided completed cooperation regarding prior investigations which are now completed. The government will advise the Court at sentencing of such cooperation under USSG 5K1.1. The government's recommendation as to the extent and value of such cooperation shall be binding upon defendant.

12.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no

7

obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

13. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Because defendant is pleading guilty to narcotics conspiracy, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

14. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the

defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence be imposed in this case was knowing and voluntary.

15. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Additionally, the defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

16. The defendant knowingly and voluntarily agrees to the entry of an order of forfeiture of the property to the United States.

17. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

WILFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 5/28/14    By: _____
                     Richard D. Gregorie
                     Assistant U.S. Attorney

Date: 5/28/14    By: _____
                     Joaquin G. Perez, Esq.
                     Attorney for Defendant

Date: 5-28-14    By: _____
                     Roberto Mendez Hurtado
                     Defendant

10